Peelle, Ch. J.,
delivered the opinion of the court:
The defendants seek a new trial on the ground that Revised Statutes, section 1495, was not considered by the court at the time of awarding judgment. This section provides:
“ Sec. 1495. Officers subject to examination before promotion to a grade limited in number by law shall not be entitled to examination in such a sense as to give increase of pay until designated by the Secretary of the Navy to fill vacancies in the higher grade; and officers eligible for promotion to a grade not limited in number shall not be entitled to examination until ordered to present themselves for examination or until a class, in which they are included, has been so ordered by the Secretary of the Navy.”
The only question involved is whether the claimant is entitled to pay from the date he took rank as chief boatswain, *144 under section 12 of the act of March 3, 1899, 30 Stat. L., 1007, which provides—
“ That boatswains * * * shall after six years from date of warrant be commissioned chief boatswains * * * to rank with but after ensign: Provided, That the chief boatswains * * * shall on promotion have the same pay and allowances as are now allowed a second lieutenant in the Marine Corps.”
Assuming, as the defendants contend, that the latter clause of section 1495 applies, it only goes to the question of examination and can not be held to defeat the claimant’s right to promotion and pay after six .years from date of warrant under the subsequent act of 1899.
The first clause, assuming it to be still in force, applies only to officers subject to examination before promotion to a grade limited in number; i. e., promotions in course to fill vacancies; while the second clause applies to “ officers eligible for promotion to a grade not limited in number”; i. e., those entitled to promotion by reason of their length of service. But the question of pay is not mentioned in the second clause, nor can it be imported therein from the first clause.
Revised Statutes, section 1562, respecting the pay of officers of the class subject to examination before promotion, provides in substance that when their absence on duty prevents such examination they may thereafter be examined, and if found qualified they shall be paid the increased rate from the date they would have been entitled.to examination, while by the act of June 22, 1874 (18 Stat. L., 191), officers of the Navy promoted in course are entitled to the pay of the higher grade from the date they take rank therein; and so chief boatswains under the act of 1899, supra,, and. section 1562, if qualified, are entitled to the increased pay in the grade of chief boatswain from the date they take rank therein under the act of 1899; that is to say, after six years from date of warrant.
The construction of section 1495 contended for b.y the defendants would operate to defeat the claimant’s right to the higher pay from the date given by the act of 1899. That is to say, the latter act entitles the claimant when qualified to promotion after six years and to the higher pay from that *145 date whether examined at the time or later; while under section 1495, if the higher pay is to be postponed to await the order of the Secretary of the Navy for examination, he may thereby defeat the purpose of Congress by the act of 1899.
In the case of Clausen, a chief boatswain in the Navy, the comptroller, in XYII Comptroller’s Decisions (165, 169), said: “ Under the law the claimant was merely eligible for promotion at the termination of his six years’ service as boatswain, and I am not aware of any regulation which required him to be examined at that time,” and for that reason he held that section 1562 had no application.
In the present case, however, as before stated, the claimant was examined and found qualified for promotion. But whether there was any regulation requiring the claimant’s examination at the expiration of the six years from the date of warrant or whether examined under section 1562 or section 1495 seems to us immaterial, since the fact remains that he was examined and found qualified; and having been confirmed by the Senate and commissioned by the President chief boatswain from March 6, 1905, he thereby became entitled under the act of 1899 to the pay of the higher grade from that date.
Construing the acts in pari materia, no other consistent conclusion can be reached to effectuate the purpose Congress evidently had in view.
To hold that under the act he is entitled to promotion after six years, and then without any fault on his part to deny him the pay of the grade from that date would manifestly defeat the purpose of Congress, and thus believing, the defendants’ motion for a new trial must be overruled, which is accordingly done.